IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **KATHERINE FALWELL,** | |
| **Plaintiff,** | |
| v. | Civ. Action No.: 3:22-cv-546 |
| **GEICO MARINE INSURANCE COMPANY,** | IN ADMIRALTY |
| **Defendant** | |

### COMPLAINT FOR DAMAGES

Plaintiff, Katherine Falwell (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sue the Defendant, GEICO Marine Insurance Company (hereinafter, "GEICO") and allege:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Katherine Falwell, is a resident of and domiciled in Ponte Vedra, Florida.

2. Defendant, GEICO Marine Insurance Company is a corporation organized under the laws of the State of Maryland with its office and principal place of business in the State of Virginia.

3. Plaintiff is the owner of the vessel identified as a 2013 Monterey Boat Cruiser bearing identification number RGFCD287E213 (the "Vessel").

4. Plaintiff is the named insured on a marine insurance policy issued by GEICO covering the Vessel from June 11, 2020 to June 11, 2021 and Plaintiff maintains an insurable interest in the Vessel.

5. The policy referenced in Paragraph 4 was issued in this District.

6. This matter is being brought under the maritime and admiralty jurisdiction of the Court pursuant to Article II, Section 2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts and 28 U.S.C. 1333.

7. This case concerns the interpretation of a marine insurance policy, which gives rise to federal admiralty jurisdiction.

8. The defendant GEICO is subject to personal jurisdiction in the State of Florida because:

    A. it conducts or carries on business in this State within the meaning of Florida Statute § 48.193(1)(a).1;

    B. it engaged in substantial and not isolated activity within this State within the meaning of Florida Statute § 48.193(2);

9. Venue is proper under 28 U.S.C. § 1391(b)(2) within the United States District Court for the Middle District of Florida because this matter arises out of a marine insurance policy delivered by GEICO to the Plaintiff, the named insured therein, and a substantial portion of the event giving rise to the claim occurred in this District.

**BACKGROUND FACTS AND ALLEGATIONS**

10. In exchange for good and valuable consideration. GEICO issued a marine insurance policy No. BUS6591229-00 providing marine insurance for the Vessel. A true and correct copy of the Declarations Page and Policy are attached as <u>Exhibit A</u>.

11. The coverage afforded under Policy No. BUS6591229-00 was effective for a 12-month period commencing on June 11, 2020.

12. Plaintiff's husband, Breon Pacot, took the vessel to Lamb's Yacht Center, Inc. in Jacksonville, Florida in February of 2021 to install a rebuilt generator.  Eventually, other vessel problems became apparent and were assessed by Lamb's Yacht Center, including multiple electrical component failures (battery, shore power plug, harmonics screen, main head for stereo) as well a steering problem.

13. Lamb's Yacht Center brought the Vessel to specialists at Fordham Marine Service, Inc. in Jacksonville, Florida to assess and repair the helm control and the steering problems.

14. Fordham Marine Service, Inc. determined that the most likely cause of the loss was a lightning strike.

15. Upon information and belief, the lightning strike occurred in this District.

16. Fordham Marine Service, Inc. repaired several components of the drive train and steering mechanisms.

17. Formal demand for payment of repair expenses was made on July 16, 2021 and a formal denial was received on July 23, 2021.  A second denial of coverage letter was received on March 11, 2022.

## BREACH OF CONTRACT

18. Plaintiff realleges and paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff's husband, Breon Pacot, timely advised GEICO via telephone when he learned of the likely cause of the loss.  Plaintiff filed a formal statement of loss with GEICO on July 16, 2021.

20. The GEICO policy clearly covers damage to the Vessel caused by a lightning strike.

21.     Despite no dispute over the reasonableness of the repair costs claimed, GEICO has breached the contract of insurance by failing to pay Plaintiff for covered damages sustained under the marine insurance policy issued by GEICO.

22.     As a direct and/or proximate cause of the lightning strike, the Vessel sustained damages necessitating repairs to multiple components, including but not limited to batteries, shore power plug, harmonics screen, main head for stereo, steering cylinder, network adapter, sensor, control unit and software costing in excess of $11,000.  A copy of repair bills are attached hereto as Exhibit B.

23.     Plaintiff also has incurred attorney fees in connection with prosecution of this claim and, pursuant to Florida Statute § 627.428, Plaintiff is entitled to recover reasonable attorney fees from GEICO.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against GEICO and award compensatory damages, incidental damages and attorney fees and costs, and such other relief as this Court deems just and proper.

Dated: May 17th, 2022

Respectfully submitted,

McGLINCHEY STAFFORD

*/s/ Charles E. Stoecker*
Charles E. Stoecker Esq.
Florida Bar # 92560
One East Broward Blvd., Suite 1400
Fort Lauderdale, FL 33301
(954) 356-2514 (telephone)
(954) 252-3806 (facsimile)
cstoecker@mcglinchey.com
rwalters@mcglinchey.com
**COUNSEL FOR PLAINTIFF KATHERINE FALWELL**